# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KENNETH GARY MURPHY, JR., | : | |
|     Petitioner | : | |
| | : | No. 1:20-cv-1232 |
| v. | : | |
| | : | (Judge Kane) |
| BARRY SMITH, et al., | : | |
|     Respondents | : | |

## MEMORANDUM

On July 17, 2020, pro se Petitioner Kenneth Gary Murphy, Jr. ("Petitioner"), a state prisoner incarcerated at State Correctional Institution at Houtzdale ("SCI Houtzdale") in Houtzdale, Pennsylvania, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his state court convictions from the Court of Common Pleas of Lebanon County. (Doc. No. 1.) In an Order dated January 19, 2021, the Court directed Respondents to file a response to the § 2254 petition within twenty (20) days. (Doc. No. 5.) After a request for an extension of time was granted, Respondents filed their answer on March 31, 2021. (Doc. No. 9.) Petitioner has not filed a reply, and the time for doing so has now expired. (Doc. No. 5.) Accordingly, Petitioner's § 2254 petition is ripe for disposition. For the following reasons, the Court will dismiss Petitioner's § 2254 petition without prejudice as time-barred under 28 U.S.C. § 2244(d).

**I.    BACKGROUND**

On January 6, 2016, the Commonwealth of Pennsylvania charged Petitioner with burglary, criminal conspiracy, criminal trespass, two counts of theft by unlawful taking, and criminal mischief, No. CP-38-0002241-2015. (Doc. 6 at 1.) These charges stemmed from a burglary and related crimes that Petitioner committed with co-conspirator Jordan Smith on July 10, 2015. (Id. at 1-2.) On June 15, 2016, the Commonwealth charged the Petitioner with

criminal solicitation to commit aggravated assault and criminal solicitation to commit simple assault, No. CP-38-CP-30-0001022-2016, after Petitioner, then incarcerated on the burglary and related charges, attempted to solicit another inmate to harm Smith and Smith's girlfriend to prevent them from testifying against him at the burglary trial. (Id. at 2.) The charges in Nos. CP-38-0002241-2015 and CP-38-CP-30-0001022-2016 were consolidated for trial. (Id.)

A trial in the consolidated matter was held in January 2017. (Id.) On January 18, 2017, the jury found Petitioner guilty of all charges. (Id. at 4.) On June 7, 2017, Petitioner was sentenced to a term of two and a half years to ten years of imprisonment on No. CP-38-0002241-2015, and a consecutive sentence of five to ten years on No. CP-38-CP-30-0001022-2016. (Id.)

On July 11, 2016, Petitioner filed a timely post-sentencing motion, alleging that the verdicts were against the weight of the evidence. (Id.) On October 4, 2017, the trial court denied Petitioner's post-trial motions. (Id. at 5.) On October 26, 2017, Petitioner filed a timely notice of appeal to the Superior Court of Pennsylvania. (Id.) On May 4, 2018, the Superior Court affirmed Petitioner's conviction and sentence. (Id. at 6.)

On May 15, 2018, Petitioner filed a timely petition for allowance of appeal with the Supreme Court of Pennsylvania. (Id.) On August 21, 2018, the petition for allowance of appeal was denied. (Id.) Petitioner did not file a petition for writ of certiorari with the Supreme Court of the United States, and the time for doing so expired on or about November 19, 2018. See Sup. Ct. R. 13 (providing that petition for writ of certiorari must be filed within 90 days of final judgment).

Approximately 219 days later, on June 27, 2019, Petitioner filed a timely petition pursuant to the Pennsylvania Post Conviction Relief Act ("PCRA") seeking post-conviction collateral relief. (Id.) Following a hearing, the PCRA court denied Petitioner relief by order

entered September 12, 2019.  (Id.)  The Petitioner did not appeal the denial of his PCRA petition, (id.), and the time for doing so expired on or about October 12, 2019.  See Pa. R. App. P. 903 (providing thirty days in which to file an appeal).

Approximately 278 days later, Petitioner filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on July 17, 2020.  (Doc. 1.)  The petition alleges that (1) trial counsel was ineffective for failing to call certain witnesses and for failing to file a suppression motion; (2) certain witnesses were not credible; and (3) no physical evidence connected Petitioner to the burglary and the Commonwealth's timeline was inaccurate.  (Id. at 5-12.)  Petitioner states that the petition is timely because it was filed within one year of the denial of his PCRA petition.  (Id. at 13.)  Respondents filed an answer arguing, inter alia, that the petition is untimely.  (Doc. 6 at 7.)  Petitioner has not filed a reply.

## II.     DISCUSSION

The Antiterrorism and Effective Death Penalty Act ("AEDPA") outlines the applicable statute of limitations for Petitioner's habeas petition, and it provides, in pertinent part:

> (1) A 1–year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to a judgment of a State court. The limitation period shall run from the latest of-
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> . . .
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> . . .
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

3

See 28 U.S.C. § 2244(d); see also Jones v. Morton, 195 F.3d 153, 157 (3d Cir. 1999). Pursuant to § 2244(d), evaluation of the timeliness of a § 2254 petition requires a determination of, first, when the pertinent judgment became "final," and, second, the period of time during which an application for state post-conviction relief was "properly filed" and "pending." The judgment is determined to be final by the conclusion of direct review, or the expiration of time for seeking such review, including the ninety-day period for filing a petition for writ of certiorari in the Supreme Court of the United States. See Gonzalez v. Thaler, 132 S. Ct. 641, 653-54 (2012).

Here, Petitioner filed a timely direct appeal, but he did not file for a petition for writ of certiorari with the Supreme Court of the United States. His conviction thus became final after his time for doing so expired, on or about November 19, 2018. The federal habeas statute of limitations began to run the next day, on November 20, 2018. It continued to run until June 27, 2019, when Petitioner filed his PCRA petition. Pursuant to 28 U.S.C. § 2244(d)(2), the federal habeas statute of limitations was tolled from continuing to run until the conclusion of his PRCA proceedings including any properly filed appeals. According to the record before the court, those proceedings ended on or about October 12, 2019, when the time for filing a notice of appeal of the denial of his PCRA petition expired. Thus, the habeas statute of limitations started to run again on October 13, 2019, and expired on or about March 7, 2020, well before petitioner filed the instant petition on July 20, 2020.

Before concluding that the petition is untimely, the court must determine whether equitable tolling may apply to petitioner's untimely petition. In Holland v. Florida, 560 U.S. 631, 649-50 (2010), the Supreme Court held that AEDPA's one-year limitations period is subject to equitable tolling in appropriate cases, on a case-by-case basis. See Ross v. Varano, 712 F.3d 784, 798 (3d Cir. 2013). A litigant seeking equitable tolling bears the burden of establishing two

4

elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." See Holland, 560 U.S. at 649 (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)); see also Jenkins v. Superintendent of Laurel Highlands, 705 F.3d 80, 89 (3d Cir. 2013).

The diligence required for equitable tolling is reasonable diligence, not maximum, extreme, or exceptional diligence. Holland, 560 U.S. at 653. "This obligation does not pertain solely to the filing of the federal habeas petition, rather it is an obligation that exists during the period appellant is exhausting state court remedies as well." LaCava v. Kyler, 398 F.3d 271, 277 (3d Cir. 2005) (citation omitted). See also Alicia v. Karestes, 389 F. App'x 118, 122 (3d Cir. 2010) (holding that the "obligation to act diligently pertains to both the federal habeas claim and the period in which the petitioner exhausts state court remedies"). Reasonable diligence is examined under a subjective test, and it must be considered in light of the particular circumstances of the case. See Ross, 712 F.3d at 799; Schlueter v. Varner, 384 F.3d 69, 74 (3d Cir. 2004) ("Due diligence does not require the maximum feasible diligence, but it does require diligence in the circumstances.").

The Court also must determine whether extraordinary circumstances exist to warrant equitable tolling. "[G]arden variety claim[s] of excusable neglect" by a petitioner's attorney do not generally present an extraordinary circumstance meriting equitable tolling. See Holland, 560 U.S. at 651 (citations omitted); see also Merritt v. Blaine, 326 F.3d 157, 168 (3d Cir. 2003). Rather, equitable tolling can be triggered only when "the principles of equity would make the rigid application of a limitation period unfair, such as when a state prisoner faces extraordinary circumstances that prevent him from filing a timely habeas petition and the prisoner has exercised reasonable diligence in attempting to investigate and bring his claims." See LaCava,

398 F.3d at 275-276; see also Holland, 560 U.S. at 648-49 (relying on Pace, 544 U.S. at 418); Jenkins, 705 F.3d at 89 (holding that equitable tolling should be applied sparingly, and only when the "principles of equity would make the rigid application of a limitation period unfair").

Extraordinary circumstances have been found only where (a) the respondent has actively misled the petitioner, (b) the petitioner has in some extraordinary way been prevented from asserting his rights, (c) the petitioner has timely asserted his rights mistakenly in the wrong forum, or (d) the court itself has misled a party regarding the steps that the party needs to take to preserve a claim. See Brinson v. Vaughn, 398 F.3d 225, 230 (3d Cir. 2005). Even where extraordinary circumstances do exist, however, "if the person seeking equitable tolling has not exercised reasonable diligence in attempting to file after the extraordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances therefore did not prevent timely filing." See Brown v. Shannon, 322 F.3d 768, 773 (3d Cir. 2003) (quoting Valverde v. Stinson, 224 F.3d 129, 134 (2d Cir. 2000)).

Respondents' answer argues that Petitioner's federal habeas petition is untimely. Petitioner had an opportunity to respond to the answer, but has failed to file a reply and has not offered an explanation for the delay in bringing his federal habeas petition which would allow this Court to consider the potential applicability of equitable tolling. Furthermore, the Court has reviewed Petitioner's filings and finds no circumstances which could potentially trigger equitable tolling. Thus, the Court will dismiss the petition as untimely.

## III. CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. §

2254. A certificate of appealability ("COA") may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." See 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 327 (2003) (citation omitted), cited in United States v. Williams, 536 F. App'x 169, 171 (3d Cir. 2013).

"When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

Here, jurists of reason would not find it debatable whether this Court is correct in its procedural ruling. No certificate of appealability shall issue.

## IV. CONCLUSION

For the foregoing reasons, Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. No. 1) will be dismissed without prejudice as untimely. An appropriate Order follows.